UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE HERNANDEZ and MERCEDES CONTRERAS,          Civil Action No.

                Plaintiffs,

   -against-

BELLA NOTTE OF SYOSSET INC. and
RICHARD MULIERE,

                Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiffs, JOSE HERNANDEZ ("Hernandez") and MERCEDES CONTRERAS ("Contreras") (collectively, "Plaintiffs"), as and for their Complaint against Defendants, BELLA NOTTE OF SYOSSET INC. ("Bella Notte") and RICHARD MULIERE ("Muliere") (collectively, "Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter, the "Regulations"), including Part 146 of Title 12, to recover unpaid overtime compensation, unpaid minimum wages, and for other relief.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Hernandez was employed by Defendants as a kitchen assistant from June 2017 until about October 9, 2019 at Defendants' restaurant located at 98 Jackson Avenue, Syosset, New York 11790.

6. Contreras was employed by Defendants as a bus boy from on or about July 2016 until about March 1, 2020 at Defendants' restaurant located at 98 Jackson Avenue, Syosset, New York 11790.

7. According to the New York State Department of State, Division of Corporations, Bella Notte is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, at all relevant times, Bella Notte owns and operates the Bella Notte restaurant located at 98 Jackson Avenue, Syosset, New York 11790.

9. Upon information and belief, Muliere is a resident of the State of New York.

10. Upon information and belief, at all relevant times, Muliere was a shareholder, owner, officer, director, and/or managing agent of Bella Notte.

11. Upon information and belief, at all relevant times, Bella Notte was owned, operated, and/or controlled by Muliere.

12. Upon information and belief, at all relevant times, Muliere exercised operational control over Bella Notte, controlled significant business functions of Bella Notte, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Bella Notte in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

13. Upon information and belief, at all relevant times, Muliere participated in running the daily operations of Bella Notte.

14. Upon information and belief, at all relevant times, Muliere participated in the management and supervision of Plaintiffs and their work for Defendants at Bella Notte.

15. Defendants had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

16. Defendants maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

17. Bella Notte and Muliere are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiffs.

## FACTS

18. At all times relevant to this action, Plaintiffs were employed for the benefit of and at the direction of Defendants at their restaurant

19. During their employment with Defendants, Plaintiffs were not required to clock-in at the beginning of their shifts or to clock-out at the end of their shifts.

20. During Hernandez's employment, his duties included cooking in the kitchen.

21. During Cabrera's employment, his duties included cleaning tables in the dining room.

22. During Hernandez's employment, he worked 6 days a week with Monday being his day off.

23. During his employment, Hernandez worked from 1:00 p.m. to 9:30 p.m. on Tuesday, Wednesday, and Thursday; from 1:00 p.m. to 10:30 p.m. on Friday and Saturday; and from 1:00 p.m. to 10:00 p.m. on Sunday.

24. During his employment, Hernandez did not take and was not given uninterrupted meal breaks of more than 15 minutes.

25. During his employment, Hernandez worked 53.5 hours a week.

26. During his employment, Hernandez was paid by the hour.

27. During his employment, Hernandez was paid by check and in cash each week.

28. During his employment, Hernandez was paid 40 hours by check and then the rest in cash at the straight time rate only.

29. During his employment, Hernandez was paid straight time for all the hours that he worked.

30. During his employment, Defendants did not pay Hernandez overtime compensation for any hours that he worked in excess of forty (40) hours per week.

31. During his employment, Defendants did not pay Hernandez one and one-half times his regular rate of pay for any of the hours that he worked in excess of forty (40) hours per week.

32. During Contreras' employment, he worked 40 hours each week.

33. During his employment, from about July 2016 to about January 2017, Defendants paid Contreras $170.00 a week for his work.

34. During his employment, from about January 2017 to about January 2018, Defendants paid Contreras $200.00 a week for his work.

35. During his employment, from about January 2018 to about April 2019, Defendants paid Contreras $280.00 a week for his work.

36. During his employment, from about April 2019 to about March 1, 2020, Defendants paid Contreras $240.00 a week for his work.

37. During his employment, Defendants failed to pay Contreras proper minimum wages under either the FLSA or NYLL.

38. Defendant paid Contreras by check during the time period of about July 2016 to about January 2017, in cash during the time period of about January 2017 to about January 2018, by check during the time period of about January 2018 to about April 2019, and in cash during the time period of about April 2019 to about March 1, 2020.

39. Defendants did not provide Plaintiffs with wage notices as required by the NYLL.

40. Defendants did not provide Plaintiffs with complete and accurate earnings statements, pay stubs, cash receipts, or any other complete and accurate wage statement along with their weekly earnings, as required by the NYLL.

41. Muliere participated in setting Plaintiffs' work schedules.

42. Muliere participated in deciding the hours that Plaintiffs worked.

43. Muliere participated in deciding the manner in which Plaintiffs were paid.

44. Muliere participated in the daily supervision of Plaintiffs' duties.

45. Muliere participated in deciding the job duties that Plaintiffs performed on a daily basis.

46. Muliere participated in running the day-to-day operations of Bella Notte during Plaintiffs' employment.

47. Defendants managed Plaintiffs' employment, including the amount of overtime worked.

48. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

49. Defendants were aware of Plaintiffs' work hours but failed to pay them the full amount of compensation to which they were entitled for this work time under the law.

50. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**
**(On Behalf of Hernandez Only)**

51. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

53. Defendants were and are subject to the overtime pay requirements of the FLSA because Bella Notte was and continues to be an enterprise engaged in commerce or in the production of goods for commerce.

54. At all times relevant to this Complaint, Bella Notte had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce,

including Plaintiffs who handled food items and other kitchen equipment that originated outside of the State of New York.

55. Upon information and belief, the gross annual volume of sales made or business done by Bella Notte for the years 2017, 2018, and 2019 was not less than $500,000.00 each year.

56. At all times relevant to this action, Hernandez was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

58. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Hernandez overtime compensation as required by the FLSA.

59. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

60. However, none of the Section 13 exemptions apply to Hernandez because he has not met the requirements for coverage under the exemptions.

61. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

62. Defendants have not acted in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the FLSA, Hernandez has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME
### (On Behalf of Hernandez Only)

64. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

66. At all times relevant to this Action, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the supporting Regulations pertaining thereto.

67. At all times relevant to this Action, Bella Notte was a restaurant as defined by the regulations pertaining to the NYLL.

68. At all times relevant to this Action, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

69. At all times relevant to this Action, Plaintiffs were "employees" in the hospitality industry as defined by the regulations pertaining to the NYLL.

70. At all times relevant to this Action, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

71. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiffs.

72. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

73. By the above-alleged conduct, Defendants failed to pay Hernandez overtime compensation as required by the NYLL and the Regulations pertaining thereto.

74. By the above-alleged conduct, Defendants failed to pay Hernandez overtime compensation for the time periods in which he worked in excess of forty (40) hours per week.

75. Hernandez was not exempt from the overtime provisions of the NYLL, because he did not meet the requirements for any of the reduced number of exemptions available thereunder.

76. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

77. Defendants have not acted in good faith with respect to the conduct alleged herein.

78. As a result of Defendants' violations of the NYLL, Hernandez has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY MINIMUM WAGES
### (On Behalf of Contreras Only)

79. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

80. At all times relevant to this action, plaintiffs were "employees" of Defendants within the meaning of New York Labor Law §§2 and 651.

81. Defendants willfully failed to pay Contreras at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

82. As a result of Defendants' unlawful practices, Contreras has suffered a loss of

wages.

83. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Contreras has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

### COUNT IV
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO PAY MINIMUM WAGES
### (On Behalf of Contreras Only)

84. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

86. Defendants routinely and regularly failed to pay Contreras the applicable minimum wage, in violation of 29 U.S.C. §206(a).

87. As a result of Defendant's unlawful practices, Contreras has suffered a loss of wages.

88. As a result of Defendant's violations of the FSLA, Contreras has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT V
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6, SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

89. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs

as though fully set forth herein.

90. Defendants willfully failed to provide Plaintiffs complete and accurate wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

91. Through their knowing and intentional failure to provide Plaintiffs with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

92. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

93. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

94. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place

of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

95. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

96. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally, and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime compensation and minimum wages to Plaintiffs;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and minimum wages to Plaintiffs;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide wage statements and wage notices to Plaintiffs;

B. Award compensatory damages, including all overtime and minimum wage compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime and minimum wage compensation due accruing from the date such amounts were due;

F. Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      March 31, 2020

                                              Neil H. Greenberg, Esq.
                                              Neil H. Greenberg & Associates, P.C.
                                              *Attorneys for the Plaintiffs*
                                              4242 Merrick Road
                                              Massapequa, New York 11758
                                              Tel: 516.228.5100
                                              nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda **MERCEDES CONTRERAS, ET AL.**, contra **BELLA NOTTE OF SYOSSEET INC., RICHARD MULIERE** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit **MERCEDES CONTRERAS, ET AL.**, against **BELLA NOTTE OF SYOSSEET INC., RICHARD MULIERE** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

**Fecha:**   Massapequa, NY
             March 10, 2020

**Firma:**   _____
             Jose Miguel Hernandez

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda **MERCEDES CONTRERAS, ET AL.**, contra **BELLA NOTTE OF SYOSSEET INC., RICHARD MULIERE** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit **MERCEDES CONTRERAS, ET AL.**, against **BELLA NOTTE OF SYOSSEET INC., RICHARD MULIERE** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

**Fecha:** Massapequa, NY
March 10, 2020

**Firma:** _____
Mercedes Contreras