UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE HERNANDEZ and MERCEDES
CONTRERAS,

                              Plaintiffs,

 -against -

BELLA NOTTE OF SYOSSET INC.,
RICHARD MULIERE, CARLOS COREAS,
and LETICIO ANTONIO MOLINA,

                              Defendants.
----------------------------------------------------------------X

**For Online Publication Only**

**ORDER**

2:20-cv-1647 (JMA) (AYS)

FILED
CLERK
9:49 am, Aug 21, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

Currently pending before the Court is a motion for attorneys' fees and costs filed by Plaintiffs Jose Hernandez ("Hernandez") and Mercedes Contreras ("Contreras," and with Hernandez, "Plaintiffs").

On August 31, 2022, the Court granted Plaintiffs' motion for summary judgment and default judgment on their FLSA and NYLL claims against Defendants Bella Notte of Syosset, Inc. ("Bella Notte"), Richard Muliere ("Muliere"), Carlos Coreas ("Coreas"), and Leticio Antonio Molina ("Molina," and collectively "Defendants"). Defendants were found jointly and severally liable to Hernandez for $32,935.87 in damages and to Contreras for $88,427.88 in damages. The Court's order granted Plaintiffs leave to file a motion for attorneys' fees. Plaintiffs then filed their motion for attorney's fees, which sought $53,378.50 in fees and $4,827.00 in costs from all Defendants. On July 19, 2023, Plaintiffs withdrew their request for attorneys' fees and costs as to Bella Notte and Muliere after those two defendants

paid a portion of the outstanding liability judgment. Defendants Molina and Coreas have not filed any opposition to Plaintiffs' fees motion.

Both the FLSA and the NYLL provide for a mandatory award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

The Court finds that the hourly rates and number of hours requested by Plaintiffs are reasonable and supported by the supporting documentation attached to Plaintiffs' motion. Accordingly, the Court awards Plaintiffs $53,378.50 in fees and $4,827.00 in costs. Defendants Molina and Coreas are jointly and severally liable for a total award of $58,205.50. The Clerk of Court is directed to enter judgment accordingly. The Clerk of Court shall mail a copy of this order to Molina.

**SO ORDERED.**

Dated: Central Islip, New York            /s/ (JMA)
        August 21, 2023                 Joan M. Azrack
                                             United States District Judge